UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-61136-RUIZ/STRAUSS

**KEISHA JOHNSTON-GEBRE,**

    Plaintiff,

v.

**IH4 PROPERTY FLORIDA, L.P.,** *et al.***,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint with Prejudice ("Motion") [DE 14]. This case has been referred to me, pursuant to 28 U.S.C. § 636(b)(1) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all action as required by law on the Motion [DE 19]. I have reviewed the Motion, the Response [DE 15] and Reply [DE 17] thereto, and all other pertinent portions of the record. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **DENIED**.

### BACKGROUND[1]

Beginning in 2017, Plaintiff, Keisha Johnston-Gebre ("Plaintiff"), leased real property (the "Property") located in Weston, Florida from Defendant IH4 Property Florida, L.P. ("IH4") pursuant to a residential lease agreement. *See* Amended Complaint [DE 12] ¶ 26; [DE 14-1]. Plaintiff and IH4 entered into annual lease renewal agreements in 2018-2021, thus ultimately

---

[1] For purposes of considering the Motion, I accept the factual allegations in the Amended Complaint as true and view them in the light most favorable to Plaintiffs. *See Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*, 942 F.3d 1215, 1229 (11th Cir. 2019).

extending the lease through late 2022. *See* Amended Complaint ¶ 26; [DE 14-2]. The second Defendant, THR Property Management, L.P. ("THR"), was IH4's agent and was responsible for the maintenance and management of the Property. Amended Complaint ¶ 4.

Sometime in 2021, Plaintiff began to suspect that the Property contained mold. *Id.* ¶ 27. Consequently, she retained a mold inspector to perform a mold inspection. *Id.* ¶ 28. The inspector, who issued a report in June 2022, determined that the roof of the Property was leaking, that various areas in the residence contained mold, that water damage existed in all of the rooms, and that there was an abnormal level of mold in the air. *Id.* ¶¶ 28, 30. Also, due to the mold and/or roof issues, the City of Weston found Defendants in violation of certain building, housing, and/or health codes. *See id.* ¶¶ 33, 36.

Plaintiff reported and complained to Defendants about the mold on several occasions and informed Defendants of the mold inspector's findings, but Defendants failed to respond to Plaintiff or to take any action to repair the Property or remedy the mold issues. *Id.* ¶¶ 30, 32, 34-35. As a result of the mold infestation, Plaintiff and her minor child, I.G., were forced to move out of the Property. *Id.* ¶ 29. In fact, I.G. became ill as a direct result of the mold, and her doctor recommended that she no longer reside in the Property. *Id.* ¶¶ 31, 35. The mold also damaged Plaintiff's personal property. *Id.* ¶ 32.

Now, Plaintiff brings this case against Defendants on behalf of herself and I.G. The Amended Complaint includes the following six counts: (I) Breach of Contract; (II) Constructive and Unlawful Eviction; (III) Nuisance; (IV) Negligence; (V) Violations of the Florida Residential Landlord and Tenant Act (the "Act"); and (VI) Retaliatory Eviction (in violation of the Act). Plaintiff asserts Count I on behalf herself only; she asserts Counts II-VI on behalf of both herself

and I.G. All six counts generally stem from the mold and roof issues. Counts I, V, and VI are additionally premised upon IH4's failure to return Plaintiff's security deposit.

## LEGAL STANDARD

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679)).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must accept the factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Cambridge Christian Sch.*, 942 F.3d at 1229; *Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1236 (11th Cir. 2019). But "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citation omitted); *see also*

*Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

## ANALYSIS

Defendants raise two arguments for dismissal. First, they contend that a Mold Prevention and Information Addendum ("Mold Addendum") to their lease agreement with Plaintiff negates the claims brought in this case. Second, they contend that the independent tort doctrine bars Counts II-IV of the Amended Complaint. Both arguments fail.

### A. MOLD ADDENDUM

"A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *see also F.T.C. v. AbbVie Prod. LLC*, 713 F.3d 54, 63 (11th Cir. 2013) ("At the motion-to-dismiss stage, we consider the facts derived from a complaint's exhibits as part of the plaintiff's basic factual averments." (citation omitted)). Likewise, exhibits to a motion to dismiss may be considered as part of a complaint if they are central to the complaint and their authenticity is not disputed. *See Crowder v. Delta Air Lines, Inc.*, 963 F.3d 1197, 1202 (11th Cir. 2020); *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1162 (11th Cir. 2019); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997). Here, the parties' lease agreement, including the Mold Addendum, is attached to the Motion and central to the Amended Complaint. In fact, Plaintiff's breach of contract claim is predicated on the parties' lease agreement, and certain allegations of the Amended Complaint refer to it. *See, e.g.*, Amended Complaint ¶¶ 26, 34, 36. Moreover, the authenticity of the lease and Mold Addendum is not disputed. Therefore, they may be treated as part of the Amended Complaint and considered in connection with the Motion (which nobody appears to dispute).

Significantly, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) (citation omitted). Here, Defendants argue that Plaintiff fails to state a claim because the Mold Addendum contradicts or negates Plaintiff's claims. In doing so, Defendants rely on a portion of paragraph 6 of the Mold Addendum stating that "Landlord shall not be liable for any claims with respect to the presence and/or existence of molds, mildew, and/or microscopic spores unless caused by the sole gross negligence or willful misconduct of Landlord." [DE 14-2] at 166. Defendants also point to paragraph 5 of the Mold Addendum, which made it Plaintiff's responsibility "to reduce or eliminate mold growth in the home," to take actions to prevent water intrusion and water damage, and to immediately notify Defendants of water intrusion. *Id.* Plaintiff responds to Defendants' argument by asserting that Defendants' attempt to limit their liability (under paragraph 6 of the Mold Addendum) is void and unenforceable under Florida law.

I agree with Plaintiff, at least at this stage of the proceeding. Accepting the allegations of the Amended Complaint as true and viewing them in the light most favorable to Plaintiff, the roof of the Property was in disrepair, so much so that the City of Weston determined code violations existed. The issues with the roof led to water intrusion, which led to mold growth, which caused the damages sought in this case. Plaintiff notified Defendants of the issues, but Defendants failed to take any action – even though the Lease made it the landlord's obligation to maintain the roof. *See* [DE 14-2] at 142.

Under the circumstances, Florida law renders any provision purporting to limit the landlord's liability (i.e., paragraph 6 of the Mold Addendum) void and unenforceable. Specifically, section 83.47(1) of the Florida Statutes provides as follows:

(1) A provision in a rental agreement is void and unenforceable to the extent that it:

>    (a) Purports to waive or preclude the rights, remedies, or requirements set forth in this part.
>    (b) Purports to limit or preclude any liability of the landlord to the tenant or of the tenant to the landlord, arising under law.

And section 83.51(1)(a) of the Florida Statutes requires a landlord, "at all times during the tenancy," to "[c]omply with the requirements of applicable building, housing, and health codes."[2] Defendants, however, failed to do so (based on the allegations of the Amended Complaint). Therefore, to the extent that paragraph 6 of the Mold Addendum would limit or preclude Defendants' liability here if enforced, it is void and unenforceable.

Nonetheless, in their Reply, Defendants contend that the lease agreement clearly sets forth the intention to limit liability, and they point to case law noting that "clauses in contracts limiting liability are valid and enforceable provided the intention to limit liability is made clear in the contract." *Eller & Co. v. Galapagos Line, S.A.*, 493 So. 2d 1061, 1062 (Fla. 3d DCA 1986) (citations omitted). However, Defendants overlook the fact that "[c]ontractual provisions which contravene a statute or legislative intent are injurious to the public good, violate public policy, and are therefore unenforceable." *Hernandez v. Crespo*, 211 So. 3d 19, 25 (Fla. 2016) (citations omitted). Notably, "[e]ven waivers that are clear and unambiguous may nevertheless be unenforceable if they contravene Florida public policy." *Merlien v. JM Fam. Enterprises, Inc.*, 301 So. 3d 1, 6 (Fla. 4th DCA 2020) (citation omitted). Thus, a party "should not be permitted to exempt himself from responsibility to [another party] for damages resulting from [that party]'s negligence if such an exemption effectively immunizes the [party] from liability for breach of a positive statutory duty to protect the well-being of the [other party]." *Rose v. ADT Sec. Servs.,*

---

[2] Section 83.51 "has been said to create a statutory warranty of habitability." *Grant v. Thornton*, 749 So. 2d 529, 531 (Fla. 2d DCA 1999) (citing *Bennett M. Lifter, Inc. v. Varnado*, 480 So. 2d 1336 (Fla. 3d DCA 1985)).

*Inc.*, 989 So. 2d 1244, 1249 (Fla. 1st DCA 2008) (quoting *John's Pass Seafood Co. v. Weber*, 369 So. 2d 616, 618 (Fla. 2d DCA 1979)); *see also Loewe v. Seagate Homes, Inc.*, 987 So. 2d 758, 760 (Fla. 5th DCA 2008) ("[A] party may not contract away its responsibility to comply with a building code when the person with whom the contract is made is one of those whom the code is designed to protect." (citing *John's Pass Seafood*, 369 So. 2d at 617)).  For this reason, "the validity of an exculpatory provision for any purpose in a residential lease is in serious doubt" under section 83.47 of the Florida Statutes.  *John's Pass Seafood*, 369 So. 2d at 617.  However, regardless of whether any exculpatory clauses in residential leases may be enforceable, paragraph 6 of the Mold Addendum is void and unenforceable under the plain language of section 83.47.  *Cf. Ray v. Tampa Windridge Assocs., Ltd.*, 596 So. 2d 676 (Fla. 2d DCA 1991) (examining the interplay between sections 83.47 and 83.51).  Accordingly, Defendants' argument for dismissal based on the Mold Addendum must be rejected.[3]

### B.  INDEPENDENT TORT DOCTRINE

Defendants have failed to demonstrate – in their Motion and Reply – that the independent tort doctrine bars Counts II-IV of the Amended Complaint.  "The independent tort doctrine is a general principle of law that provides 'a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract.'"  *Costa Invs., LLC v. Liberty Grande,*

---

[3] Defendants' reliance on *Marler v. U-Store-It Mini Warehouse Co.*, No. 09-60613-CIV, 2010 WL 11506367 (S.D. Fla. July 20, 2010) is misplaced.  Defendants cite *Marler* in their Reply, stating the following in an explanatory parenthetical: "holding that the exculpatory clause relied on by defendants is valid on its face under Florida law, and plaintiff failed to present any law to support his position that a violation of Florida building codes would render the clause invalid."  [DE 17] at 5.  *Marler*, however, did not involve an exculpatory provision in a *residential* lease.  And that is significant because, in this case, Plaintiff has pointed to law – specifically, sections 83.47 and 83.51 of the Florida Statutes – that does support her position that the exculpatory provision here is invalid in a *residential* lease (the type of lease at issue in this case).  Notably, sections 83.47 and 83.51 are in Part II of Chapter 83 of the Florida Statutes, which "applies to the rental of a dwelling unit."  § 83.41, Fla. Stat.; *see also* § 83.43(5), Fla. Stat. (defining "dwelling unit").

*LLC*, 353 So. 3d 627, 632 (Fla. 4th DCA 2022) (quoting *Un2jc Air 1, LLC v. Whittington*, 324 So. 3d 1, 3 (Fla. 4th DCA 2021)); *see also Inspirations Nev. LLC v. Med Pro Billing, Inc.*, No. 20-CV-60268, 2021 WL 2156677, at *4-7 (S.D. Fla. May 26, 2021).

Significantly, a party seeking dismissal under Rule 12(b)(6) "bears the burden to show that the complaint should be dismissed." *Jimenez v. Holiday CVS, LLC*, No. 22-CV-24242, 2023 WL 4251176, at *3 (S.D. Fla. June 29, 2023) (quoting *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014)); *see also Cohen v. Bd. of Trustees of the Univ. of the D.C.*, 819 F.3d 476, 481 (D.C. Cir. 2016) (recognizing that Rule 12(b)(6) places the burden of persuasion on the moving party). "There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it." *Madinya v. Portfolio Recovery Assocs., LLC*, No. 18-CV-61138, 2018 WL 4510151, at *5 (S.D. Fla. Sept. 20, 2018) (quoting *Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995)); *see also Clear Spring Prop. & Causalty Co. v. Viking Power LLC*, 608 F. Supp. 3d 1220, 1229 n.3 (S.D. Fla. 2022) (same).

In the Motion, Defendants begin their discussion by setting forth relevant law regarding the independent tort doctrine. They then argue as follows:

> Here, Plaintiff's tort claims for constructive and unlawful eviction (Count II), nuisance (Count III), and negligence (Count IV) are barred by the independent tort doctrine because the tortious conduct that Plaintiff alleges in her Complaint as the basis for these claims is not independent from, but rather relates directly to, the performance of the Leases. In fact, all of the duties and obligations alleged by the Plaintiff are squarely addressed in the Leases, as are the remedies for any alleged breach of the Leases. Because Plaintiff has failed to allege conduct amounting to a tort independent of Defendants' alleged breach of contract, Counts II, III, and IV must be dismissed.

[DE 14] at 10-11. The foregoing, however, is the entirety of Defendants' argument (in their Motion) regarding why Counts II-IV should be dismissed under the independent tort doctrine. Noticeably absent is any discussion of the specific allegations of the Amended Complaint or any

analysis of relevant lease provisions in the context of analyzing the applicability of the independent tort doctrine. Thus, as an initial matter, Defendants have failed to carry their burden of persuasion.

Moreover, Plaintiff raises two arguments in her Response that appear to have merit on their face, and Defendants fail to squarely address Plaintiff's arguments in their Reply. First, Plaintiff argues that even if the independent tort doctrine applied, it would not bar claims brought on behalf of I.G. or against THR because neither I.G. nor THR is a party to the lease agreement between Plaintiff and IH4. In this regard, as Plaintiff notes in her Response, recent Florida case law has explained that the independent tort doctrine only applies to the parties to the contract. *Costa Invs.*, 353 So. 3d at 632; *Un2jc*, 324 So. 3d at 3. Defendants, however, have failed to counter or distinguish this law.[4] Thus, Defendants have failed to show – with respect to Counts II-IV – that dismissal of the claims, insofar as they are brought on behalf of I.G., or against THR, is warranted.

Second, Plaintiff argues that Defendants owe a statutory duty to Plaintiff (and I.G.) that is independent of the lease such that the independent tort doctrine does not bar the claims asserted in Counts II-IV. As noted above, section 83.51, which requires, *inter alia*, landlords to comply with applicable building, housing, and health codes, "has been said to create a statutory warranty of habitability." *Grant*, 749 So. 2d at 531 (citing *Bennett M. Lifter*, 480 So. 2d 1336). Notably, in *Grant*, the court found that a landlord's failure to comply with a county building code could be considered evidence of negligence. *Id.* at 532. At any rate, section 83.51 itself imposes a duty on landlords. Thus, this is not a situation where Plaintiff's tort claims rely on some duty that is only

---

[4] Defendants do argue, in a separate section of their Reply, that I.G. is bound by the lease as an intended beneficiary. But they do not argue in the independent tort doctrine section of their Motion or Reply that – even if I.G. is a third-party beneficiary (an issue the Court need not reach to rule on the instant Motion) – I.G.'s status as a third-party beneficiary allows them to overcome the explicit pronouncement in *Costa Invs.* and *Un2jc* that the independent tort doctrine only applies to the parties to the contract.

imposed by the parties' contract.  *Cf. Veritas Pers. Servs., Inc. v. ADP TotalSource, Inc.*, No. 1:19-CV-22435-UU, 2019 WL 11506033, at *5 (S.D. Fla. Oct. 21, 2019) (finding negligence claim failed under independent tort doctrine because the alleged duty only arose as a result of the parties' agreement).  Rather, Plaintiff could pursue the tort claims alleged here even if the parties had not entered into a written lease agreement in light of the alleged violations of the statutory warranty of habitability created under section 83.51.  At a minimum, Defendants have failed to explain why the duty owed under section 83.51 is insufficient to render the tort claims in the Amended Complaint independent of Plaintiff's breach of contract claim.  Thus, Defendants have not demonstrated that dismissal of Counts II-IV is warranted.[5]

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 14] be **DENIED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28

---

[5] One additional observation: Counts II-IV appear to seek damages that are separate and distinct from the damages sought in Count I (breach of contract).  Specifically, in Count I, Plaintiff seeks the return of her security deposit as well as rent payments made when the Property was not habitable.  Amended Complaint ¶ 40.  However, Counts II-IV do not seek these damages.  Rather, they seek, *inter alia*, damages for personal injury, harm to personal property, repair costs, and moving expenses.  *See id.* ¶¶ 47-48, 53, 57.

U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 13th day of September 2023.

*/s/ Jared Strauss*
Jared M. Strauss
United States Magistrate Judge