UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-61136-RUIZ/STRAUSS

**KEISHA JOHNSTON-GEBRE,**

    Plaintiff,

v.

**IH4 PROPERTY FLORIDA, L.P.,** *et al.*,

    Defendants.
_____/

## **ORDER**

THIS MATTER came before the Court upon Defendants' Motion to Strike Plaintiff's Jury Trial Demand in Amended Complaint ("Motion") [DE 18].[1]  I have reviewed the Motion, the Response [DE 20] and Reply [DE 27] thereto, and all other pertinent portions of the record.  For the reasons discussed herein, the Motion will be **GRANTED IN PART AND DENIED IN PART**.

## **BACKGROUND**

Beginning in 2017, Plaintiff, Keisha Johnston-Gebre ("Plaintiff"), leased real property (the "Property") from Defendant IH4 Property Florida, L.P. ("IH4") pursuant to a residential lease

---

[1] The Motion has been referred to me, pursuant to 28 U.S.C. § 636(b)(1) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all action as required by law [DE 19].  The Motion does not fall within any of the categories of pretrial matters that a magistrate judge may not "hear and determine." 28 U.S.C. § 636(b)(1)(A).  Moreover, the Motion is a non-dispositive Motion.  *See Graves v. Avis Budget Grp., Inc.*, No. 8:20-CV-270-CEH-JSS, 2022 WL 2866256, at *3 (M.D. Fla. July 21, 2022); *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-CV-00557-T-27EAJ, 2014 WL 12619888, at *2 (M.D. Fla. Aug. 5, 2014); *see also Prater v. Dep't of Corr.*, 76 F.4th 184, 196 (3d Cir. 2023); *United Steelworkers of Am., AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1004-08 (3d Cir. 1987).

agreement [DE 18-1].  Plaintiff and IH4 entered into annual lease renewal agreements in 2018-2021, ultimately extending the lease through late 2022 [DE 18-2].

In the Amended Complaint, Plaintiff alleges that the roof of the Property was leaking (as Defendants failed to maintain it in accordance with applicable building, housing, and/or health codes), which led to water damage and mold infestation issues, and that Defendants failed to respond to Plaintiff's complaints regarding, or otherwise remedy, these issues.  As a result of the mold infestation, Plaintiff alleges that her minor child, I.G., became ill, that Plaintiff and I.G. were forced to move out of the Property, and that they sustained various damages.  Consequently, Plaintiff brings the following claims on behalf of herself and/or I.G.: (I) Breach of Contract; (II) Constructive and Unlawful Eviction; (III) Nuisance; (IV) Negligence; (V) Violations of the Florida Residential Landlord and Tenant Act (the "Act"); and (VI) Retaliatory Eviction (in violation of the Act).  Plaintiff asserts Count I on behalf herself only; she asserts Counts II-VI on behalf of both herself and I.G.

The Amended Complaint includes a jury trial demand.  In the Motion, Defendants contend that the jury demand should be stricken because the annual lease agreements between Plaintiff and IH4 contain a jury waiver provision that applies here.  The lease agreement in effect at the time Plaintiff's and I.G.'s alleged claims arose contains the following jury waiver provision:

> **49. WAIVER OF JURY TRIAL**. To minimize legal expenses and, to the extent allowed by law, Resident and Landlord agree that a trial of any lawsuit based on statute, common law, or related to this Lease shall be to a judge and not a jury, and Resident hereby waives any right to a jury trial in any such litigation, case or cause of action arising between the parties under this Lease and Resident's tenancy at the Residence.

[DE 18-2] at 152.[2]

---

[2] The lease agreements covering December 2019 through November 2022 contained this jury waiver provision. *See* [DE 18-2] at 74, 113, 152.  Only the initial two lease agreements (covering

## **LEGAL STANDARD**

"[T]he right to a jury trial in federal courts is to be determined as a matter of federal law." *Ford v. Citizens & S. Nat. Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991) (quoting *Simler v. Conner*, 372 U.S. 221, 222 (1963)). That includes in diversity actions. *Columbus Mills, Inc. v. Freeland*, 918 F.2d 1575, 1577 (11th Cir. 1990). The Seventh Amendment guarantees that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1373 (11th Cir. 2021) (quoting U.S. Const. amend. VII). "A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006) (citing *Brookhart v. Janis*, 384 U.S. 1, 4-5 (1966)); *see also Alonso Cano v. 245 C & C, LLC*, No. 19-21826-CIV, 2020 WL 1304910, at *2 (S.D. Fla. Mar. 19, 2020) ("Contractual waivers of a person's right to a jury trial are routinely deemed enforceable, provided that they are knowing and voluntary." (citation omitted)). However, a presumption against waiver exists. *See Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995) ("[B]ecause the right to a jury trial is fundamental, 'courts must indulge every reasonable presumption against waiver.'" (quoting *LaMarca v. Turner*, 995 F.2d 1526, 1544 (11th Cir. 1993))).

Courts consider several factors in assessing whether a contractual jury trial waiver was knowing and voluntary: (1) "the conspicuousness of the waiver provision"; (2) "the parties' relative bargaining power"; (3) "the sophistication of the party challenging the waiver"; and (4) "whether the terms of the contract were negotiable." *Bakrac*, 164 F. App'x at 824 (citations

---

December 2017 through November 2019) contained a different jury waiver provision. *See* [DE 18-1] at 33; [DE 18-2] at 33. Regardless, even if the earlier version applied here, there is no indication from the briefing that the result (of the Motion) would be any different.

omitted). A fifth factor courts have also considered is "whether the waiving party was represented by counsel." *Balchunas v. Bank of Am., N.A.*, No. 2:20-CV-14106, 2020 WL 4718435, at *2 (S.D. Fla. Aug. 13, 2020). At any rate, no single factor is dispositive; rather, the ultimate inquiry is "whether, in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Id.* (citation omitted).

## ANALYSIS

In response to the Motion, Plaintiff contends that the jury waiver provision in the lease agreement should not be enforced because Plaintiff did not knowingly and voluntarily waive her right to a jury trial. Even if the jury waiver provision is enforceable against Plaintiff, though, Plaintiff argues that it should not be enforceable against I.G., who was not a party or signatory to the lease agreement. As discussed herein, I find that the totality of the circumstances show that Plaintiff knowingly and voluntarily waived her right to a jury trial. However, I agree with Plaintiff that the jury trial waiver cannot be enforced against I.G.

### A. WHETHER PLAINTIFF'S WAIVER WAS KNOWING AND VOLUNTARY

I find that Plaintiff knowingly and voluntarily waived her right to a jury trial. As an initial matter, Plaintiff does not dispute that the claims brought in this case fall within the scope of the jury waiver provision, and they clearly do.

Regarding the first factor, I find that the jury waiver provision is conspicuous, which Plaintiff concedes. *See* [DE 20] at 9. The provision is in its own standalone paragraph of the lease (as opposed to being buried in some other paragraph) and is in the same font as the other provisions of the lease. Moreover, the title of the paragraph – "**WAIVER OF JURY TRIAL**" – is in bold, fully capitalized, and in plain English. *See* [DE 18-2] at 152. Simply stated, the jury waiver provision is clear and conspicuous.

The second factor – relative bargaining power – also weighs in favor of finding that the waiver was knowing and voluntary. Plaintiff contends that IH4 had greater bargaining power because it drafted the lease and was able to include terms more favorable to itself. However, "[w]hen considering the factor of bargaining power, the 'question is not whether there was unequal bargaining power, . . . but whether there was a gross disparity in bargaining power.'" *Balchunas*, 2020 WL 4718435, at *2 (citation omitted). "A gross disparity in bargaining power only exists when a party is forced to accept the terms of an agreement as written; the party is unable to simply walk away if the terms are unacceptable." *Id.* (citation omitted). Here, Plaintiff only offers conclusory assertions that IH4 could include terms more favorable to itself and that IH4 was not willing to negotiate. However, Plaintiff does not point to any evidence to establish a gross disparity in bargaining power. Plaintiff has not pointed to any terms that are substantially more favorable to IH4, has not shown that she attempted to negotiate any terms, and has not shown that she was coerced into signing the lease or that she could not walk away if she found the terms to be unacceptable. Instead, Plaintiff chose to renew the lease for several years. Even if the Court presumes that corporate landlords like IH4 generally have some advantage in bargaining power, there is simply no evidence here that a *gross disparity* in bargaining power existed.

Third, there is no evidence before the Court showing that Plaintiff's level of sophistication undermines whether her waiver was knowing and voluntary. Plaintiff generally argues that while IH4 is a corporate landlord that is well-versed in lease agreements and that can afford to hire lawyers, Plaintiff is less sophisticated and does not have a team of lawyers. However, Plaintiff provides no information or evidence regarding her level of sophistication or her educational background. Regardless, "[s]pecial education is not required to understand the terms of a jury waiver clause when it is written in plain language." *Alonso Cano*, 2020 WL 1304910, at *2

(citation omitted).  Here, the jury waiver provision is written in plain English, and Plaintiff does not show that she was unable to understand the provision.

Fourth, there is no evidence showing that the terms of the lease were not negotiable. Plaintiff generally contends that the lease terms were provided on a take-it-or-leave-it basis over DocuSign and that she did not have the ability to modify the terms.  But significantly, "Plaintiff does not contend that she asked to modify any provision and that her request was refused." *Balchunas*, 2020 WL 4718435, at *3.

Regarding the fifth factor, there does not appear to be any dispute that Plaintiff was not represented by counsel in connection with the lease.  Nonetheless, "a contractual waiver is not unenforceable because one party is 'a large corporation represented by counsel and the other party is an individual not represented by counsel.'"  *Ackner v. PNC Bank, Nat'l Ass'n*, No. 16-81648-CIV, 2017 WL 7355329, at *4 (S.D. Fla. Dec. 22, 2017) (citation omitted).  Rather, to find that the fifth factor substantially undermines the knowing and voluntary nature of the waiver, there must be some indication that the party contesting the waiver wanted to consult with counsel but was precluded from doing so.  *See Balchunas*, 2020 WL 4718435, at *3.  No such indication exists here.

Ultimately, my consideration of the above factors and the relevant circumstances does not call into question the knowing and voluntary nature of the waiver here.  Moreover, having considered the totality of the circumstances, I do not find the waiver to be unconscionable, contrary to public policy, or simply unfair.  The jury waiver provision here is conspicuous and in plain English.  Additionally, it is mutual, not one-sided.  Accordingly, it is enforceable against Plaintiff.

### B. ENFORCEABILITY OF WAIVER AGAINST I.G.

The Motion seeks to strike Plaintiff's jury demand, but it does not differentiate between Plaintiff and I.G. In response, Plaintiff does draw a distinction between the two, contending that the jury waiver provision in the lease agreement is not enforceable against I.G., regardless of whether it is enforceable against Plaintiff. Plaintiff contends that it is not enforceable against I.G. because I.G. is neither a signatory to, nor third-party beneficiary under, the lease agreement. Plaintiff also relies on the presumption against waiver of one's right to a jury trial. *See Burns*, 53 F.3d at 1240 ("[B]ecause the right to a jury trial is fundamental, 'courts must indulge every reasonable presumption against waiver.'" (quoting *LaMarca*, 995 F.2d at 1544)). Defendants reply by pointing to an analogous case in this district where the court found that non-signatories were bound by a jury waiver provision in a lease. *See Head v. Cornerstone Residential Mgmt., Inc.*, No. 05-80280-CIV, 2006 WL 8418769, at *6 (S.D. Fla. Apr. 3, 2006). For the reasons discussed herein, I agree with Plaintiff that the jury waiver provision is not enforceable against I.G.

First, I.G. clearly did not sign the lease agreement herself; nor does the lease agreement indicate that Plaintiff signed it on I.G.'s behalf. Therefore (as both parties appear to agree), applying the jury waiver to I.G. requires reliance on some theory for applying a contract to a non-signatory. Relatedly, I find it significant that the jury waiver provision does not purport to apply to any tenants other than the "Resident." The lease agreement provides that only two individuals are a "Resident" – Plaintiff and Yitades Gebre. [DE 18-2] at 135-36. The lease does indicate that the term "Resident Parties" includes not only the Resident, but also "the Occupants, and any guests or invitees of Resident or the Occupants." *Id.* at 136. Yet, in the jury waiver provision, the lease uses the term "Resident," not "Resident Parties." If the parties to the lease agreement intended for

the jury waiver provision to cover claims brought by the "Resident Parties" and not just a "Resident," the lease should have so stated. Thus, the plain language of the contract does not extend the jury waiver to I.G.

Second, to the extent that Defendants seek to apply the jury waiver to I.G. even as a non-signatory, I find *Mendez v. Hampton Ct. Nursing Ctr., LLC*, 203 So. 3d 146 (Fla. 2016), on which Plaintiff relies, to be instructive. In *Mendez*, the Florida Supreme Court (applying Florida contract law) found that a nursing home resident was not bound by an arbitration provision in a contract with the nursing home that only the resident's son – and not the resident – signed. *Id.* at 147-51. In so holding, the court found that while the third-party beneficiary doctrine may allow a non-contracting party to enforce a contract against a contracting party, it generally does not allow a contracting party to enforce it against the non-contracting party. *Id.* at 149. While recognizing that courts generally enforce an arbitration clause in a contract against a non-signatory plaintiff who brings suit under the contract, the court noted that the lawsuit was not brought under the contract containing the arbitration provision (only negligence and statutory violation claims were brought). *Id.*; *see also Jacocks v. Cap. Com. Real Est. Grp., Inc.*, 310 So. 3d 71, 73-74 (Fla. 4th DCA 2021) ("[B]ecause Jacocks did not sign the retainer agreement and is not suing to enforce it, he is not bound by the arbitration clause."); *C & C Wholesale, Inc. v. Fusco Mgmt. Corp.*, 564 So. 2d 1259, 1261 (Fla. 2d DCA 1990) (finding that a jury trial waiver in a lease only bound the signatories to the lease). Likewise, I.G. is not pursuing any contract claim in this case. Thus, as a matter of contract law, given that I.G. is not a signatory (and the plain language of the contract does not support extending the jury waiver to her), given that I.G. has not brought a claim under the lease, and given the presumption against waiver, I find that it is inappropriate to extend the jury waiver provision here to the claims brought on behalf of I.G.

Regarding Defendants' reliance on *Head*, I do agree that the case is analogous in many respects. In *Head*, the plaintiff father signed a lease agreement containing a jury trial waiver. *See* 2006 WL 8418769, at *1-2, 6. His wife and minor children, however, who were also plaintiffs, were not signatories to the lease. *See id.* The court explained that non-signatories can be bound by a contract when they claim rights under the contract. *Id.* at *6. Because the non-signatory plaintiffs claimed rights under the lease, the court held that they were estopped from avoiding burdens imposed thereunder. *Id.* Similarly, Defendants argue, I.G. accepted the benefits of the lease and must rely on the lease to establish lawful occupancy in order to bring the non-contract claims she has alleged.

However, *Head* was decided prior to *Mendez*. Significantly, *Head* is not binding, whereas *Mendez* is, insofar as the Court must look to Florida contract law to determine whether and under what circumstances a contract may bind a non-signatory. Defendants make no attempt to distinguish, or even address, *Mendez*. And the reasoning of *Mendez* appears to apply with equal force to both this case and the circumstances in *Head*. The non-signatory nursing home resident in *Mendez* had similarly enjoyed the benefits of the contract with the nursing home and would not have been able to claim duties owed by the nursing home without it. The third-party beneficiary doctrine addressed in *Mendez* is distinct from (although related to) the equitable estoppel reasoning applied by *Head*. But, again, the case for equitable estoppel in *Head* would have applied with the same force in *Mendez*, and Defendants fail to address why the reasoning in *Mendez* should not control.

For the reasons discussed above, I find that the jury trial waiver is not enforceable against I.G.

## CONCLUSION

For the reasons discussed above, it is **ORDERED and ADJUDGED** that the Motion [DE 18] is **GRANTED IN PART AND DENIED IN PART**. The jury trial demand in this case is stricken as to Plaintiff in her individual capacity but not with respect to the claims Plaintiff is pursuing on behalf of I.G.[3]

**DONE AND ORDERED** in Fort Lauderdale, Florida this 2nd day of October 2023.

Jared M. Strauss
United States Magistrate Judge

---

[3] In her Response, in addition to the arguments addressed above, Plaintiff argues that if the Court finds Plaintiff, but not I.G., waived the right to a jury trial, a jury must still decide Plaintiff's claims because her claims and I.G.'s claims involve common issues of fact. The Court need not – and does not – address this issue now. Deciding whether, and to what extent, the Court may be bound to accept the jury's findings in resolving Plaintiff's claims is not necessary to address the relief sought in the Motion – a motion to strike. Moreover, neither the Motion nor Reply address the issue; it is only discussed by Plaintiff in the Response. It is inappropriate for the Court to address this important issue without briefing from both parties. Furthermore, even if there are likely to be common factual issues, there are also likely to be at least some non-common factual issues. For example, at a minimum, if liability exists, Plaintiff and I.G. may have distinct damages, or Defendants (who have yet to file an Answer) may raise issues applicable only to Plaintiff. At bottom, it is premature to decide what issues, if any, the Court may be precluded from revisiting in resolving Plaintiff's claims. All the Court decides now is that Plaintiff knowingly and voluntarily waived her right to a jury trial, but I.G. did not.